22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 ENGEL INDUSTRIES, INC., Plaintiff-Appellant,
v.
THE LOCKFORMER COMPANY, IOWA Precision Industries, Inc. and
Met-Coil Systems Corp. Defendants-Appellees.
 No. 93-1418.
 United States Court of Appeals, Federal Circuit.
 March 18, 1994.
Rehearing Denied April 12, 1994.
 
 Before NEWMAN, MICHEL and PLAGER, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Defendants-Appellees, The Lockformer Co., Iowa Precision Industries, Inc., and Met-Coil Systems Corp., have a patent on a specified configuration of a flange formed integrally at the ends of sheet metal duct sections. Defendants-appellees required plaintiff-appellant, Engel Industries, Inc., to accept a license as a condition for selling plaintiff-appellant's pre-existing roll forming machines, which would form integral flanges of a slightly different configuration. On this slightly different configuration, plaintiff-appellant had a patent application pending. When the patent was granted, plaintiff-appellant brought this suit seeking declaratory judgments not only that the patent license was invalid, but that:
 
 
 2
 (1) plaintiff-appellant's construction did not infringe the patent;
 
 
 3
 (2) the license agreement unlawfully based royalties on sales of staple items of commerce (roll forming machines and duct cornerpieces) over which defendants-appellees possessed market power; and
 
 
 4
 (3) defendants-appellees breached their contractual obligation to renegotiate with plaintiff-appellant for a lesser royalty, after the final judgment in another suit (brought by defendants-appellees against a third party) held that the scope of defendants-appellees' patent did not extend to plaintiff-appellant's cornerpieces.
 
 
 5
 The district court ruled in favor of plaintiff-appellant on the ground that the patent in suit was invalid because the specification did not disclose the best mode. Engel Indus., Inc. v. The Lockformer Co., slip op. 86-212-C, dated July 13, 1990. On appeal, this court reversed and remanded. Engel Indus., Inc. v. The Lockformer Co., 946 F.2d 1528, 20 USPQ2d 1300 (Fed.Cir.1991). On remand, plaintiff-appellant contended that, at the original trial, the district court had failed to make adequate findings of fact or conclusions of law on the above three issues. The district court, however, disagreed and issued an order which stated that its prior ruling "dispose[d] of all the issues before the [c]ourt and therefore no other final judgment [was] necessary." Engel Indus., Inc. v. The Lockformer Co., slip op. 86-0212-C, dated April 15, 1993, at 3-4. Plaintiff-appellant then filed a motion to alter or amend the judgment and for trial before a magistrate of these undetermined issues, which the district court denied. Plaintiff-appellant now appeals the district court's denial and urges this court to remand the above three issues to the district court. We vacate and remand.
 
 DISCUSSION
 
 6
 Rule 52(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "the court shall find the facts specially and state separately its conclusions of law thereon...." As to the consequences of a violation of Rule 52(a), in Custom Accessories v. Jeffrey-Allen Indus., 807 F.2d 955, 963, 1 USPQ2d 1196, 1201-1202 (Fed.Cir.1986) (quoting Icicle Seafoods, Inc. v. Worthington, 106 S.Ct. 1527, 1530 (1986)), we stated that " '[i]f the Court of Appeals believed that the District Court had failed to make findings of fact essential to proper resolution of the legal question, it should have remanded to the District Court to make those findings.' "
 
 
 7
 Plaintiff-appellant now argues that the district court did not make sufficient findings of fact and conclusions of law on the issues of infringement, royalties, and breach as required by Federal Rule of Civil Procedure 52(a) and argues that remand is appropriate. Defendants-appellees respond that plaintiff-appellant waived its right to obtain any favorable judgment on any of the above three issues by failing to raise these issues on the prior appeal before the Federal Circuit.
 
 
 8
 Although the district court appears to have made findings of fact and conclusions of law only on the issue of validity, it had no obligation to make findings and conclusions on the other issues (including the three enumerated above) because the conclusion of invalidity was dispositive and alone warranted judgment in plaintiff-appellant's favor. Therefore, the only issue that could have been appealed was that of validity, and it makes no sense to, and defendants-appellees cite no authority which, requires plaintiff-appellant to appeal the other three issues simply to preserve the right to raise them later.
 
 
 9
 On remand, however, we hold that the district court erred as a matter of law in refusing to rule on the three issues and in failing to make express findings of fact and state separate conclusions of law. Accordingly, we vacate the district court's order of May 14, 1993, denying plaintiff-appellant's motion to alter or amend the judgment, and remand to the district court to adjudicate issues of infringement, royalties and breach, including making findings of fact and conclusions of law that comply with Rule 52(a). To the extent that any of these issues have already been fully adjudicated, we direct the district court to specify its findings and conclusions and, if appropriate, to order the Clerk of the district court to enter final judgment thereon.
 
 COSTS
 
 10
 Each party shall bear its own costs.