**ENGEL INDUSTRIES, INC.,**
Plaintiff–Appellant,

v.

**The LOCKFORMER COMPANY, Iowa Precision Industries, Inc., and Met–Coil Systems Corporation, Defendants/Cross–Appellants.**

Nos. 98–1294, 98–1295.

United States Court of Appeals,
Federal Circuit.

Feb. 3, 1999.

Melvin L. Moser, Gorr, Moser, Dell & Loughney, of Pittsburgh, Pennsylvania, argued for plaintiff-appellant. With him on the brief were George Raynovich, Jr., and Scott A. Matthews.

Theodore A. Breiner, Breiner & Breiner, of Alexandria, Virginia and Glenn L. Johnson, of Shuttleworth & Ingersoll, P.C., of Cedar Rapids, Iowa, argued for defendants/cross appellants. With them on the brief was A.W. Breiner, of Breiner & Breiner.

Before MAYER, Chief Judge, ARCHER, Senior Circuit Judge, and CLEVENGER, Circuit Judge.

CLEVENGER, Circuit Judge.

In these cross-appeals, Engel asks this court to reverse the dismissal of its motion for a refund of payments made pursuant to a patent license, where Engel was found to not infringe the patent. Lockformer, Iowa Precision Industries, and Met–Coil Systems seek reversal of the lower court's refusal to grant them relief from the judgment of noninfringement under Rule 60(b)(3) of the Federal Rules of Civil Procedure. *See Engel, Inc. v. Lockformer Co.,* No. 4:86CV212, *slip op.* at 1 (E.D.Mo. Mar. 2, 1998) (denying refund of

payments); *Engel, Inc. v. Lockformer Co.,* No. 4:86CV212, *slip op.* at 1 (E.D.Mo. Mar. 2, 1998) (denying Rule 60(b)(3) motion). Because the district court correctly held that it lacked jurisdiction to consider Engel's refund request, and correctly found no basis for Lockformer et *al.* to be relieved from judgment, we affirm.

I

This dispute between manufacturers of metal duct systems makes its fourth appearance at this court. *See Engel Indus., Inc. v. Lockformer Co.,* 96 F.3d 1398, 40 USPQ2d 1161 (Fed.Cir.1996) (*"Engel III "*), *Engel Indus., Inc. v. Lockformer Co.,* 22 F.3d 1105 (Fed.Cir.1994) (Table) (*"Engel II "*), *Engel Indus., Inc., v. Lockformer Co.,* 946 F.2d 1528, 20 U.S.P.Q.2d 1300 (Fed.Cir.1991) (*"Engel I "*). The origins of the conflict can be traced to a 1985 license agreement between the appellant Engel and the cross-appellants Lockformer, Met–Coil, and Iowa Precision Industries (collectively, "Lockformer"). The 1985 agreement granted Engel a license under Lockformer's U.S. Patent No. 4,466,641 (the '641 patent), relating to a duct connecting system used in the heating, ventilating and air conditioning ("HVAC") industry. Before signing the agreement, during negotiations of the agreement, and after signing the agreement, Engel asserted that its competing duct connecting system did not infringe the '641 patent, a position memorialized by the agreement's statement that "Engel denies[ ] that the use of certain of Engel's machines infringe said patent." Nonetheless, Engel signed the agreement, in which Lockformer agreed to release Engel and its customers from all liability under the '641 patent.

In 1986, Engel instituted a declaratory judgment action against Lockformer, asserting that the '641 patent was invalid, that the Engel products did not infringe, that the license agreement was unlawful, and that therefore Engel should be relieved from paying royalties under the agreement. After protracted litigation, including three separate appeals to the Federal Circuit, Engel prevailed on its assertion of noninfringement, although both the '641 patent and the license agreement were found valid. In *Engel III,* the Federal Circuit provided what appeared to be the last word on the case, holding that Engel's products did not infringe the '641 patent either literally or under the doctrine of equivalents, and that the 1985 license agreement was not an unlawful misuse of patent rights. *See Engel III,* 96 F.3d at 1406, 1407, 1409, 40 USPQ2d at 1166, 1167, 1168. The judgment of the district court was affirmed-in-part and reversed-in-part without being remanded. *See id.* at 1409, 40 USPQ2d at 1168.

On January 15, 1997, Engel filed a paper with the district court entitled "Motion for Entry of Final Judgment in Accordance with the Federal Circuit Opinion and Mandate," arguing that it was entitled under the *Engel III* decision to a reimbursement of royalty payments made after the filing of the declaratory judgment. In September 1997, Lockformer filed a motion for relief from judgment in which it asserted that Engel engaged in misconduct at trial and on appeal by misrepresenting material facts relating to infringement and that therefore Lockformer was entitled to relief from the judgment under Federal Rule of Civil Procedure 60(b)(3) and a new trial.

The district court denied both motions. It held that it lacked jurisdiction to consider Engel's request for repayment because, *inter alia,* the issue was implicitly decided by the Federal Circuit in *Engel III* without remand. *See Engel,* No. 4:86CV212, *slip op.* at 14–15 (denying refund of payments). The district court alternatively held that Engel would not in any event be entitled to a refund, refusing to extend the rule of *Lear v. Adkins,* 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610, 162 USPQ 1 (1969), as holding that the law entitles a licensee to recoup royalties paid to a patent owner after a determination that the licensee has not infringed the patent. *See Engel,* No. 4:86CV212, *slip op.* at 19 (denying refund of payments). The lower court denied Lockformer's Rule 60(b)(3) motion on the grounds that Lockformer had not met its burden of demonstrating that Engel engaged in fraud or misrepresentation. *See Engel,* No. 4:86CV212, *slip op.* at 12 (denying Rule 60(b)(3) motion). These appeals followed.

We have jurisdiction under 28 U.S.C. § 1295(a)(1) (1994).

## II

■ The resolution of Engel's appeal turns on whether the *Engel III* mandate left open for further adjudication the question of whether Engel was entitled to recoup royalty payments from Lockformer by virtue of the finding of noninfringement. For "[w]hile a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) (citing *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256, 16 S.Ct. 291, 40 L.Ed. 414 (1895)); *s ee also Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 951, 42 USPQ2d 1897, 1900 (Fed.Cir.1997) ("Upon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on matters left open by the mandate.") (citations and quotations omitted). The district court found that the *Engel III* court, by explicitly affirming the validity of the license agreement, implicitly decided that Engel did not have a right to seek a refund of payments under the agreement. *See Engel*, No. 4:86CV212, slip op. at 14 (E.D.Mo. Mar. 2, 1998) (denying refund of payments). Hence, because the *Engel III* judgment did not return the mandate to the district court on that issue, *see Engel III*, 96 F.3d at 1409, 40 USPQ2d at 1168, the district court determined that it was prevented from considering Engel's motion. *See Engel*, No. 4:86CV212, slip op. at 15 (E.D.Mo. Mar. 2, 1998) (denying refund of payments).

Engel argues that it did not appeal the issue of whether it was entitled to a refund of royalty payments, and thus the question could not have been resolved against it by this court in *Engel III*. That is, Engel asserts that the *Engel III* mandate did not speak to the recoupment issue, and thus the district court retains jurisdiction to hear its motion. *See Sprague*, 307 U.S. at 168, 59 S.Ct. 777, *Laitram*, 115 F.3d at 951, 42 USPQ2d at 1900. It is undisputed that Engel did not argue to the *Engel III* court that it was entitled to a refund. The ramifications of this fact are the subject of this dispute. En-

gel argues that the absence of argument on a refund of royalty payments demonstrates that the issue was not appealed and therefore not decided. The district court found that, to the extent the absence of argument was significant, it demonstrated that Engel waived the issue. *See Engel*, No. 4:86CV212, slip op. at 13 (denying refund of payments).

■ We review the interpretation of our own mandate de novo. *Laitram*, 115 F.3d at 950, 42 USPQ2d at 1899.

## A

■ We begin by noting that the *Engel III* court did not order a remand on any of the issues presented on appeal. *See* 96 F.3d at 1409, 40 USPQ2d at 1168 (judgment affirming-in-part, reversing-in-part, without remanding). Therefore the scope of the *Engel III* mandate, and thus the scope of the matters removed from the district court's jurisdiction, *see Sprague*, 307 U.S. at 168, 59 S.Ct. 777, *Laitram*, 115 F.3d at 951, 42 USPQ2d at 1900, is coterminous with the scope of the issues deemed presented to the court on appeal. *See Sprague*, 307 U.S. at 168, 59 S.Ct. 777 (finding that lower court had jurisdiction to consider issue "neither before the [lower court] nor before this Court."), *Exxon Chem. Patents, Inc., v. Lubrizol Corp.*, 137 F.3d 1475, 1484, 45 USPQ2d 1865, 1867 (Fed. Cir.1998) (issues not before lower court are not waived by failure to appeal). That is, because the *Engel III* judgment disposed of the appealed issues without the necessity of remand, all such appealed issues are withheld from further consideration by the district court, as they are included within the *Engel III* mandate.

■ The scope of the issues presented to this court on appeal must be measured by the scope of the judgment appealed from, *see Sprague*, 307 U.S. at 168, 59 S.Ct. 777; *Laitram*, 115 F.3d at 951, 42 USPQ2d at 1900, not by the arguments advanced by the appellant. To hold otherwise would allow appellants to present appeals in a piecemeal and repeated fashion, and would lead to the untenable result that "a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case

than one who had argued and lost." *Fogel v. Chestnutt,* 668 F.2d 100, 109 (2d Cir.1981). As an appellate court, we have the responsibility to review the judgments appealed to us. *See Spectrum Int'l, Inc. v. Sterilite Corp.,* 164 F.3d 1372, 49 USPQ2d 1065, 1065 (Fed.Cir.1998); see also *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 1540, 218 USPQ 871, 880 (Fed.Cir.1983) ("We sit to review judgments, not opinions."). This responsibility can be properly discharged only if the court assumes that the appellant has fully set forth its attack on the judgment below; only then will the court be able to address with confidence the range of issues determined by the appealed judgment. In other words, the court is entitled to assume that an appellant has raised all issues it deems important against a judgment appealed from. An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived. Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication. See, e.g., *Biggins v. Hazen Paper Co.,* 111 F.3d 205, 209 (1st Cir.1997), *Eason v. Thaler,* 73 F.3d 1322, 1329 (5th Cir.1996), *Kesselring v. F/T Arctic Hero,* 95 F.3d 23, 24 (9th Cir.1996), *Hartman v. Duffey,* 88 F.3d 1232, 1235 (D.C.Cir.1996), *Stinson v. Kaiser Gypsum Co., Inc.,* 972 F.2d 59, 61 (3rd Cir.1992), *Heathcoat v. Potts,* 905 F.2d 367, 370 (11th Cir.1990), *Kossman v. Calumet Cty.,* 849 F.2d 1027, 1030 (7th Cir.1988), *United States v. Russ,* 861 F.2d 184, 185 (8th Cir.1988), *Crick v. Smith,* 729 F.2d 1038, 1039–40 (6th Cir.1984).

■ We, of course, remain mindful that the interpretation of the scope of a court's mandate may be uncertain, *see Laitram,* 115 F.3d at 951 (recognizing "the dilemma in which the [district] court found itself on remand"), and caution that both the letter and the spirit of the mandate must be considered. *See Quern v. Jordan,* 440 U.S. 332, 347 n. 18, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). We also reiterate that a judgment that does not specifically provide for a remand speaks only to the issues incorporated in the mandate: "[it] is not necessarily incompatible with further proceedings to be undertaken in the district court." *Exxon Chem. Patents,* 137 F.3d at 1483, 45 USPQ2d at 1872. Only the issues actually decided—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration. *See Sprague,* 307 U.S. at 170, 59 S.Ct. 777; see also *Exxon Chem. Patents,* 137 F.3d at 1483, 45 USPQ2d at 1872 (holding that the scope of the judgment appealed from, limited to literal infringement, did not preclude adjudication of infringement by the doctrine of equivalents), *Laitram,* 115 F.3d at 951, 42 USPQ2d at 1900.

## B

■ Applying this rule to the facts of this case, we note that in *Engel III,* Engel appealed from a judgment that its product infringed the '641 patent *and* that Engel "must continue to make royalty payments" under the terms of the license agreement. *Engel III,* 96 F.3d at 1399, 40 USPQ2d at 1162. Thus the issue of Engel's liability under the license agreement was plainly within the scope of the judgment appealed from. The *Engel III* court held the '641 patent noninfringed and the license agreement valid, issuing a mandate on those judgments that necessarily included the issue of Engel's liability under the license agreement. Engel's choice not to present its claim that it was entitled to a refund of payments under the license agreement—an issue subsumed within the scope of the liability issue—does not alter that the claim was disposed of by the *Engel III* decision and mandate.

Engel's contention that the issue of its liability under the license agreement absent infringement of the '641 patent was not before the *Engel III* court, if correct, would render that court's decision with respect to the validity of the license agreement an impermissible advisory opinion. See, e.g., *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, ——, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998) ("advisory opinions [have been] disapproved by this Court from the beginning") (citing *Muskrat v. United States,* 219 U.S. 346, 362, 31 S.Ct. 250, 55 L.Ed. 246

(1911), *Hayburn's Case*, 2 U.S. (Dall.) 408, 1 L.Ed. 436 (1792)). The *Engel III* court affirmed the judgment of the district court, upholding the validity of the license agreement, notwithstanding that it also held the '641 patent noninfringed. *See Engel III*, 96 F.3d at 1409, 40 USPQ2d at 1168. Only by recognizing that *both* infringement of the '641 patent and liability under the license agreement were in play on appeal, and that *both* were duly decided by *Engel III* can the decision be properly understood.

Because Engel appealed a judgment which obligated it to continue paying royalties pursuant to the license agreement, *see Engel Indus., Inc. v. Lockformer Co.*, No. 4:86CV212 (E.D.Mo. Dec. 15, 1994) ("It is hereby ordered and adjudged ... [t]hat the payment of royalties pursuant to the license agreement must continue"), a judgment affirmed by this court in *Engel III*, 96 F.3d at 1409, 40 USPQ2d at 1168, the district court's holding that it lacked jurisdiction to consider Engel's motion for a refund of royalty payments was correct and is affirmed. We therefore have no occasion to decide whether the rule of *Lear v. Adkins* can be extended to instances in which a licensee proves that it has not infringed the claims of a not invalid patent.

### III

Lockformer's cross-appeal asks this court to reverse the district court's denial of its motion for relief from judgment under Rule 60(b)(3) of the Federal Rules of Civil Procedure, which provides that "the court may relieve a party ... from a final judgment [for] .... fraud ... misrepresentation, or other misconduct of the adverse party." Lockformer argues that Engel made material and fraudulent misrepresentations of fact during the trial and on appeal, and that such misrepresentations qualify Lockformer for relief from the judgment of noninfringement of the '641 patent. The district court disagreed. *See Engel*, No. 4:86CV212, slip op. at 12.

Because a denial of a Rule 60(b) motion is a procedural issue not unique to patent law, this court applies the law of the regional circuit where appeals from the district court would normally lie. *See Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550, 3 USPQ2d 1412, 1421 (Fed.Cir.1987). In this case, we apply the law of the Eighth Circuit, which states that in order to prevail on the motion, Lockformer must show clear and convincing evidence of a fraud or misrepresentation which prevented Lockformer from fairly presenting its case. *See Atkinson v. Prudential Property*, 43 F.3d 367, 372–73 (8th Cir.1994). We review a district court's Rule 60(b) determination for abuse of discretion. *See Browder v. Director, Dep't of Corrections of Ill.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

Lockformer's contention below was that Engel committed fraud and misrepresentation when it asserted that the allegedly-infringing products did not require crimping to hold the corners of the duct connectors together. In particular, Lockformer presented evidence to the district court that Engel sold crimping tools capable of crimping the corner areas of Engel's products, and evidence from several users, including HVAC contractors, suggesting that the Engel duct connector products need crimping to stay in place. *See Engel*, 4:86CV212, slip op. at 10–11 (E.D.Mo. Mar. 2, 1998) (denying Rule 60(b)(3) motion). Lockformer argued that this was clear and convincing evidence of Engel's knowing misrepresentation of the facts surrounding the accused products. Lockformer also noted that the *Engel III* court specifically relied upon the fact that "HVAC contractors do not need and never use crimping to install or secure corner connectors in Engel's duct connecting system" in finding no infringement under the doctrine of equivalents, *Engel III*, 96 F.3d at 1407, 40 USPQ2d at 1167, arguing that this reliance prevented Lockformer from fairly litigating its case. Thus, Lockformer suggested, Rule 60(b)(3)'s requirements were met.

Engel responded by noting that the sale of crimping tools, even tools capable of being used with the accused product, is not inconsistent with its assertion that such tools were unnecessary for use with its duct connecting system. Indeed, Engel presented evidence that the crimping tools are compatible with a wide range of systems, including other Engel

products that require crimping and products made by others. Engel also noted that users may find it necessary to crimp corner pieces when the accused product is used with components from another manufacturer, but reasserts that the corner pieces of the accused product, used properly, do not need crimping.

The district court, while crediting the "new" evidence adduced by Lockformer, determined that this evidence did not constitute clear and convincing proof of fraud or misrepresentation on the part of Engel. The court found that "[n]othing before the Court demonstrates that Engel represented to the courts that crimping was not required with *any* corner piece used in conjunction with [the accused product]." *See Engel,* No. 4:86CV212, slip op. at 11–12 (E.D.Mo. Mar. 2, 1998) (denying Rule 60(b)(3) motion) (emphasis in original). It also found that Lockformer had not presented evidence that Engel was aware at the time of trial or on appeal that some users had found crimping to be necessary, nor that Engel had prevented Lockformer from obtaining evidence to rebut Engel's showing that crimping was not required. *See id.* at 12. The district court thus concluded that Lockformer failed to carry its burden under Rule 60(b)(3) and denied the motion for relief from judgment. See id. at 12–13.

On appeal, Lockformer essentially restates its argument below. In view of the evidence and arguments presented by Lockformer, we do not discern an abuse of discretion in the district court's finding that Lockformer failed to carry its burden under Rule 60(b)(3). The denial of Lockformer's motion for relief from judgment is affirmed.

## IV

For the above reasons, we affirm the dismissal of Engel's motion for refund of royalty payments because the district court did not have jurisdiction to consider the matter. We also affirm the dismissal of Lockformer's motion for relief from judgment because the district court did not abuse its discretion in holding that Lockformer did not present clear and convincing evidence of fraud or misrepresentation that prevented Lockformer from fairly litigating its case.

No costs.

*AFFIRMED.*