NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1299

MONSANTO COMPANY,

Plaintiff-Appellee,

v.

BAYER BIOSCIENCE N.V.,

Defendant-Appellant.

Susan K. Knoll, Howrey LLP, of Houston, Texas, argued for plaintiff-appellee.   With her on the brief were Richard L. Stanley, Steven G. Spears, and Michelle C. Replogle, of Houston, Texas, and Daniel T. Shvodian, of East Palo Alto, California.

George Pazuniak, Womble Carlyle Sandridge & Rice, PLLC, of Wilmington, Delaware, argued for defendant-appellant.  With him on the brief were James M. Lennon and Anna Martina Linnea Tyreus, of Wilmington, Delaware, and  Virginia Whitne Hoptman, of Tysons Corner, Virginia.   Of counsel was Timothy G. Barber, of Charlotte, North Carolina.

Appealed from:  United States District Court for the Eastern District of Missouri

Judge E. Richard Webber

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1299

MONSANTO COMPANY,

Plaintiff-Appellee,

v.

BAYER BIOSCIENCE N.V.,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of Missouri in case no. 4:00-CV-01915, Judge E. Richard Webber.

_____

DECIDED: April 23, 2008

_____

Before BRYSON, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

In 2000 Plaintiff-Appellee Monsanto Co. ("Monsanto") brought a declaratory judgment action against Defendant-Appellant Bayer Bioscience N.V. ("Bayer") challenging the validity and unenforceablity of four Bayer patents, U.S. Patent Nos. 5,545,565 ("the '565 patent"), 5,767,372 ("the '372 patent"), 6,107,546 ("the '546 patent"), and 5,254,799 ("the '799 patent"), and asserting that Monsanto's transgenic corn products did not infringe these patents. The case is now before us for the third time. For the reasons stated below, we <u>affirm</u>.

Most recently, in Appeal No. 2007-1109, Bayer appealed the final judgment issued after jury trial and a bench trial declaring the asserted claims of the '565 patent invalid and non-infringed, and holding all four patents unenforceable for inequitable conduct. Monsanto v. Bayer Bioscience N.V., 514 F.3d 1229 (Fed. Cir. 2008) (Monsanto III). A panel of this court affirmed on the grounds that the district court did not err in holding the four patents unenforceable for inequitable conduct. We upheld the inequitable conduct ruling with regards to the '565 patent because there was no clear error in the district court finding Bayer failed to disclose material information regarding the '565 patent with an intent to deceive the PTO during the prosecution of the patent. Id. at 1241-42. In addition, we rejected Bayer's arguments that the district court was without jurisdiction to declare the '372, '546, and '799 patents unenforceable for inequitable conduct. Id. at 1242-43. In light of Bayer's failure to challenge the merits of the district court's inequitable conduct findings regarding these three patents, we therefore also affirmed the district court's inequitable conduct findings for these patents. Id. at 1243 n.18 ("Bayer does not, in this appeal, challenge the district court's findings of inequitable conduct regarding the '799, '372, and '546 patents. Therefore, those findings are affirmed."); see Engel Indus., Inc. v. Lockformer Co., 166 F.3d 1379, 1383 (Fed. Cir. 1999) ("An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived.").

In the current appeal, Bayer appeals the final judgment of the district court granting attorney fees to Monsanto under 35 U.S.C. § 285. The district court concluded that attorney fees were warranted because Bayer's inequitable conduct in the prosecution of the four patents made the case exceptional. See 35 U.S.C. § 285

(allowing for award of attorney's fees in "exceptional cases"); <u>Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.</u>, 267 F.3d 1370, 1380 (Fed. Cir. 2001) (holding that a party may prove the existence of an exceptional case by showing inequitable conduct before the PTO).

Whether a case is exceptional under § 285 is a factual question reviewed for clear error. <u>Cybor Corp. v. FAS Techs.</u>, 138 F.3d 1448, 1460 (Fed. Cir. 1998). The district court's decision to award attorney fees after finding a case exceptional is reviewed for abuse of discretion. <u>Id.</u> In the instant case, Bayer does not challenge the discretionary determination to award attorney fees. Rather, Bayer argues only that the district court erred in finding that each of the four patents was procured through inequitable conduct.

The law of the case "prevent[s] the relitigation of issues that have been decided" absent narrow exceptional circumstances. <u>Gould, Inc. v. United States</u>, 67 F.3d 925, 930 (Fed. Cir. 1995) (quoting <u>Jamesbury Corp. v. Litton Indus. Prods., Inc.</u>, 839 F.2d 1544, 1550 (Fed. Cir. 1998)). Under the law of the case doctrine "a court adheres to a decision in a prior appeal in the same case unless one of three exceptional circumstances exist: (1) the evidence in a subsequent trial is substantially different; (2) controlling authority has since made a contrary decision of the law applicable to the issues; or (3) the earlier ruling was clearly erroneous and would work a manifest injustice." <u>Id.</u>

Bayer already appealed the district court's judgment that all four patents were unenforceable for inequitable conduct in the 2007-1109 appeal, and in the disposition of that appeal this court explicitly affirmed the district court's findings that there was

inequitable conduct in the prosecution of each of the four patents. <u>Monsanto III</u>, 514 F.3d at 1241-42,1243 n.18. As none of the exceptions to the law of the case applies, we cannot revisit our prior holding. Bayer has presented no other argument for reversing the district court's grant of attorney's fees. Accordingly, the judgment of the district court is affirmed.

Costs to Appellee.