NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1091

GERALD N. PELLEGRINI,

Plaintiff-Appellant,

v.

ANALOG DEVICES, INC.,

Defendant-Appellee.

Gerald N. Pellegrini, of Worcester, Massachusetts, pro se.

Wayne L. Stoner, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, for defendant-appellee.  With him on the brief were Richard W. O'Neill and Jordan L. Hirsch.

Appealed from:  United States District Court for the District of Massachusetts

Judge Rya W. Zobel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1091

GERALD N. PELLEGRINI,

Plaintiff-Appellant,

v.

ANALOG DEVICES, INC.,

Defendant-Appellee.

Appeal from the United States District Court for the District of Massachusetts in case no. 02-CV-11562, Judge Rya W. Zobel.

_____

DECIDED: June 5, 2008

_____

Before BRYSON and PROST, <u>Circuit Judges</u>, and ZAGEL, <u>District Judge</u>.[*]

PER CURIAM.

Gerald N. Pellegrini appeals the decisions of the United States District Court for the District of Massachusetts granting Analog Devices, Inc.'s ("Analog") motion for sanctions, denying Mr. Pellegrini's request for sanctions, and denying Mr. Pellegrini's requests to amend the complaint. We <u>affirm</u>.

BACKGROUND

In August 2002, Mr. Pellegrini sued Analog in the United States District Court for the District of Massachusetts alleging infringement of U.S. Patent No. 4,651,069 ("'069

---

[*] Honorable James T. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

Patent"). Mr. Pellegrini alleged that some of Analog's chips, its "ADMC chips," infringe the '069 Patent claims directed to motor drive circuits when combined with other components in a brushless motor. Pursuant to an agreement of the parties, the district court, early in the case, allowed limited discovery and cross-motions for partial summary judgment addressing the issue of whether Analog's accused ADMC chips manufactured outside the United States and never shipped to or from the United States infringed the '069 Patent under 35 U.S.C. § 271(f). The district court noted that

> [a]t the time, it was clear to both parties and the court that any ADMC chips manufactured outside of the United States but sold to customers inside the United States -- were minute in number and any possible recovery, even if infringement were proven, would be minuscule. Indeed, Pellegrini represented both to the court and to Analog that if Analog prevailed on the § 271(f) issue, he would voluntarily dismiss the remainder of the case.

Pellegrini v. Analog Devices, Inc., No. 02-CV-11562, 2006 U.S. Dist. LEXIS 726, at *2 (D. Mass. Jan. 11, 2006) ("Jan. 2006 Order").

In May 2003, the district court granted Analog's motion for partial summary judgment of noninfringement, dismissing Mr. Pellegrini's claims under § 271(f) regarding Analog's chips manufactured and sold entirely outside of the United States. In September 2003, final judgment was entered pursuant to Fed. R. Civ. P. 54(b), and the remaining claims were stayed pending appeal. In July 2004, this court affirmed. Pellegrini v. Analog Devices, Inc., 375 F.3d 1113, 1118-19 (Fed. Cir. 2004).

Thereafter, Mr. Pellegrini returned to the district court, but he did not voluntarily dismiss his remaining claims. Instead, he sought leave from the district court to amend his complaint in order to assert additional claims. At a status conference in January 2005, pursuant to an agreement of the parties, Mr. Pellegrini was given until March 1, 2005 to "provide evidentiary support underlying the good faith basis for his remaining

allegations of patent infringement." See Jan. 2006 Order, at *3. When he failed to do so, Analog filed a motion for sanctions, claiming that "Pellegrini violated Rule 11 by accusing Analog of inducing infringement under 35 U.S.C. § 271(b) without having 'evidentiary support' of direct infringement by Analog's customers." On January 11, 2006, the district court granted Analog's motion for Rule 11 sanctions and dismissed Mr. Pellegrini's remaining claims. Jan. 2006 Order. Mr. Pellegrini appealed.

We have jurisdiction pursuant to 28 U.S.C. §1295(a)(1).

DISCUSSION

A.  Standard of Review

We apply the law of the regional circuit in which the district court sits in review of the court's decisions regarding sanctions and requests to amend. See Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc., 381 F.3d 1111, 1124 (Fed. Cir. 2004) (providing that a district court's denial of a motion to amend a complaint "is a nonpatent matter where we apply the law of the circuit in which the district court sits"); Phonometrics, Inc. v. Economy Inns of Am., 349 F.3d 1356, 1361 (Fed. Cir. 2003) ("We apply regional circuit law when reviewing the imposition of Rule 11 sanctions."). Applying the standard that would be applied in the First Circuit, we review for an abuse of discretion the district court's decisions granting Analog's motion for sanctions, denying Mr. Pellegrini's request for sanctions, and denying Mr. Pellegrini's requests to amend the complaint. See Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) ("We review the district court's denial of Appellant's motion to amend for abuse of discretion."); Anderson v. Beatrice Foods Co., 900 F.2d 388, 393 (1st Cir. 1990) ("It is axiomatic that, 'absent abuse of discretion, we will not disturb a district court's choice of

sanctions.'" (quoting Fashion House, Inc. v. K Mart Corp., 892 F.2d 1076, 1081 (1st Cir. 1989))). The First Circuit has explained that "[a]buse [of discretion] occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Anderson, 900 F.2d at 394 (quoting Fashion House, 892 F.2d at 1081).

## B. Analog's Motion for Sanctions

As previously discussed, the district court granted Analog's motion for Rule 11 sanctions, concluding that Mr. Pellegrini "failed to demonstrate any factual basis upon which to claim direct infringement of the '069 by Analog customers in the United States," and that he "failed to conduct a sufficiently reasonable pre-filing inquiry" in violation of Fed. R. Civ. P. 11(b)(3). Jan. 2006 Order, at*11. The district court directed Analog to submit a bill of reasonable attorney fees and costs accrued since January 2005, for determination of an appropriate award of sanctions. In February 2006, Analog requested $217,503.14 in attorney fees and costs. Mr. Pellegrini, who appeared pro se in the case, opposed the requested amount of fees and costs, arguing that they were both unreasonable and beyond that which he could afford.[1] The district court ordered Mr. Pellegrini to submit documentation regarding his financial circumstances and ability to pay the attorney fees and costs. Thereafter, upon the recommendation of the

---

[1] The district court noted that, "[a]lthough Pellegrini may be appearing pro se, he has apparently received assistance from law firms throughout the litigation. (See Appearance of Thomas C. O'Konski, Esq., Docket No. 63, June 22, 2005; Def.'s Mot., at 7 n.4)." Jan. 2006 Order, at *10.

magistrate judge who held an evidentiary hearing on the matter, the district court ordered Mr. Pellegrini to pay a sanction in the amount of $20,000.

On appeal, Mr. Pellegrini claims that the district court made several errors in granting Analog's motion for sanctions. His arguments include claims that the district court erred in finding Analog's motion for sanctions to be timely and that it erred in determining that he failed to demonstrate any factual basis to support a claim of direct infringement in the United States and that he failed to perform a reasonable pre-filing inquiry.

First, as to the timeliness of Analog's motion for sanctions, the district court noted that "Analog had no reason to challenge the good-faith basis of Pellegrini's pending claims while the extraterritorial infringement claims were being separately litigated and appealed, since Pellegrini maintained throughout that he would voluntarily dismiss the pending claims if Analog prevailed." Jan. 2006 Order, at *10. Analog did not receive notice that Mr. Pellegrini intended to pursue the pending claims, despite being unsuccessful on appeal, until January 2005. Then, pursuant to an agreement of the parties, Mr. Pellegrini was given until March 1, 2005 to demonstrate an evidentiary basis for the pending claims. Analog filed its motion for sanctions when Mr. Pellegrini failed to do so within the agreed timeline. In light of the foregoing, we conclude that the district court did not abuse its discretion in finding that Analog's motion for sanctions was timely.

Second, as the district court noted, this court has explained that

[i]n bringing a claim of infringement, the patent holder, if challenged, must be prepared to demonstrate to both the court and the alleged infringer exactly why it believed before filing the claim that it had a reasonable chance of proving infringement. Failure to do so should ordinarily result in

the district court expressing its broad discretion in favor of Rule 11 sanctions, at least in the absence of a sound excuse or considerable mitigating circumstances.

View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 986 (Fed. Cir. 2000). On appeal, Mr. Pellegrini points to several pieces of evidence that he claims the district court either misunderstood or ignored in determining that he failed to demonstrate a sufficient factual basis to support a claim of direct infringement in the United States and that he failed to perform a reasonable pre-filing inquiry. For example, Mr. Pellegrini argues that, inter alia, an article written by Analog representatives is "sufficient pre-filing evidence," claiming that

> [t]he fact that this Article was available worldwide is itself circumstantial evidence of direct infringement since: (1) it is specifically intended to induce customers worldwide to use its EKE sensorless motor control with its ADMC chips, and (2) there is more than a "reasonable chance" that someone in the United States practiced the EKE motor control described in the Article.

In light of the record, we conclude that Mr. Pellegrini failed to demonstrate that the district court applied an incorrect legal test or made a serious mistake regarding a material factor in determining that the Analog article was not sufficient pre-filing

evidence.[2]    Likewise, we have considered all of Mr. Pellegrini's other arguments regarding the purported factual basis for his claims and we conclude that the district court did not abuse its discretion in finding that he "failed to demonstrate any factual basis upon which to claim direct infringement of the '069 by Analog customers in the United States," and that he "failed to conduct a sufficiently reasonable pre-filing inquiry" in violation of Fed. R. Civ. P. 11(b)(3).  Jan. 2006 Order, at *10-11.

We defer to the district court's discretion as to whether to sanction a litigant who continues to pursue claims without an evidentiary basis, particularly where said litigant previously told the district court that he would voluntarily dismiss these claims after his first unsuccessful appeal to this court.[3]    "Because the imposition of sanctions is

---

[2]    Mr. Pellegrini argues that the district court's analysis was flawed because, inter alia, the district court incorrectly stated that Analog's article did not mention the ADMC chips.  Analog acknowledges that the district court incorrectly stated that the Analog article did not mention the ADMC chips.  Analog submits, however, that "[t]his oversight is immaterial" because "[t]he relevant aspect of the district court's analysis— that the article does not evidence direct infringement by a third party in the United States—was based on the court's determination that the article does not discuss any Analog customers or any activities of any such customer in the United States."  We note that the district court agreed with Analog that the article is "devoid of any reference to a brushless D.C. motor made, used, sold, offered for sale, or imported in the United States by one of Analog's customers."  Jan. 2006 Order, at *6.  Thus, we are not persuaded by Pellegrini's arguments that the district court's incorrect statement that the article did not mention the ADMC chips was material to its conclusion that he failed to demonstrate any factual basis upon which to claim direct infringement by Analog customers in the United States.

[3]    On appeal, Mr. Pellegrini denies that he ever represented to the court that he would voluntarily dismiss his remaining claims if he did not prevail on the threshold issue in his first appeal.  Mr. Pellegrini claims that the district court relied solely on Analog's version of the facts as to this point.  We note, however, that the district court stated that, "Pellegrini represented both to the court and to Analog that if Analog prevailed on the § 271(f) issue, he would voluntarily dismiss the remainder of the case." Jan. 2006 Order, at *2 (emphasis added).  Thus, the district court did not rely solely on Analog's version of the facts, as it appears that Mr. Pellegrini made the disputed representation directly to the court (in addition to Analog).  We are not persuaded by Mr. Pellegrini's arguments to the contrary.

peculiarly within the province of the court in which the challenged conduct occurs, a party complaining to an appellate tribunal in respect to trial-level sanctions 'bears a heavy burden of demonstrating that the trial judge was clearly not justified in entering [the] order.'" Anderson, 900 F.2d at 393 (quoting Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 537 (1st Cir. 1988)). We conclude that Mr. Pellegrini failed to demonstrate that the district judge was "clearly not justified" in the sanction awarded.

C. Mr. Pellegrini's Motion for Sanctions

Mr. Pellegrini claims that the district court abused its discretion in denying his request for sanctions against Analog. Mr. Pellegrini's request for sanctions is primarily based on what he views to be legally and factually erroneous arguments made by Analog in pleadings to the district court.

For example, one of the factual disputes involves the following representation made by Mr. Pellegrini to the district court: "The payment to Plaintiff from the settlement with Texas Instruments . . . was used to pay litigation costs (approximately fifty percent) and forty percent of the remainder went to Mr. Herring." Characterizing the foregoing representation, Analog argued to the district court that Mr. Pellegrini misrepresented his financial status to the court by, inter alia, "represent[ing] to the Court that he received only ten percent of the TI settlement money." On appeal, Analog submits that it read the statement "forty percent of the remainder" to refer to forty percent of the total settlement, rather than forty percent of the amount remaining after paying litigation fees (i.e., twenty percent of the total settlement, calculated as forty percent of the remaining fifty percent of the settlement). Even assuming that Analog's interpretation of Mr.

Pellegrini's representation was erroneous, however, the district court did not abuse its discretion in deciding not to sanction Analog for this interpretation.

We have considered the other legal and factual disputes cited in support of Mr. Pellegrini's request for sanctions and, even though he may have ultimately prevailed in many of the cited factual and legal disagreements, he has not shown that the district court abused its discretion in refusing to sanction Analog for its contrary positions.

### D. Mr. Pellegrini's Request to Amend his Complaint

In March 2005, Mr. Pellegrini requested permission to supplement his pleadings to include a claim of infringement under 35 U.S.C. § 271(f) alleging that Analog supplied "software code" from the United States for combination outside the United States. Essentially, Mr. Pellegrini sought to claim that Analog infringed the '069 Patent under § 271(f) by allegedly supplying software from the United States to be downloaded on foreign-made chips and then combined with other components in a brushless motor. In April 2005, the district court denied this request as "futile." In May 2007, Mr. Pellegrini requested permission to file an amended complaint to include a claim of infringement under § 271(f) alleging that Analog supplied "computer-readable software" from the United States for combination outside of the United States. In October 2007, the district court denied this request as both "futile and late."

Analog argued to the district court, as it does on appeal, that Mr. Pellegrini's requests to amend to add software-based § 271(f) claims are "futile" because they are barred by issue preclusion, claim preclusion, and the law of the case doctrine. We have previously stated that

> the court is entitled to assume that an appellant has raised all issues it
> deems important against a judgment appealed from. An issue that falls

within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived. Unless remanded by this court, all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication.

Engel Indus., Inc. v. Lockformer Co., 166 F.3d 1379, 1383 (Fed. Cir. 1999). In his prior appeal of the district court's grant of partial summary judgment of non-infringement under § 271(f), Mr. Pellegrini failed to argue that the supply of software was among the actions allegedly taken by Analog in the United States that could result in liability under § 271(f) relating to the accused foreign-made chips.

Analog argues that Mr. Pellegrini's requests were futile because his "proposed amendments sought to allege § 271(f) infringement with respect to the same software residing on the same chips already found by this Court and the district court to not infringe as a matter of law under the same statutory provision." It also argues that Mr. Pellegrini's attempt to distinguish its requested § 271(f) claims relating to software from those relating to the accused foreign-made chips "does not make sense" because "[t]he Analog software referenced by Pellegrini is intended for use with Analog's ADMC chips."

Mr. Pellegrini argues that his requests to amend were not futile because

[t]he only issue that was adjudicated by the district court and this Court was whether Analog's generic (i.e., non-application specific and programmable) ADMC chips that were manufactured outside the United States were supplied in or from the United States under 35 U.S.C. section 271(f).
The issue of whether Analog's "computer-readable software", developed inside the United States, was supplied, or caused to be supplied, in or from the United States is clearly a completely separate issue and is the issue raised in Pellegrini's amended complaint.

Additionally, Mr. Pellegrini seemingly attempts to justify his failure to raise this argument during his prior appeal by stating that the March 2005 request was "filed shortly after (fifteen days) the law came into effect in [Eolas Technologies Inc. v. Microsoft Corp.,

399 F.3d 1325 (Fed. Cir. 2005)] that 'software code' may be a 'proper subject of relief' under section 271(f)."

Contrary to Mr. Pellegrini's suggestion, however, the Eolas decision did not change the law regarding whether software qualifies as a "component" under § 271(f); rather, it interpreted what § 271(f) has always meant. See id. at 1338-40 (interpreting § 271(f) to "decide whether software code made in the United States and exported abroad is a 'component[] of a patented invention' under section 271(f)"); cf. Rivers v. Roadway Express, 511 U.S. 298, 312-13 (1994) ("A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."). While Mr. Pellegrini may not have previously thought that a copy of software may, in some circumstances, be considered a "component" for purposes of § 271(f), that does not excuse his failure to make that argument to the district court or this court when he previously litigated his claim that Analog infringed under § 271(f) relating to the combination of its foreign-made ADMC chips with other components in a brushless motor. As we have previously explained,

> [t]he scope of the issues presented to this court on appeal must be measured by the scope of the judgment appealed from, . . . not by the arguments advanced by the appellant. To hold otherwise would allow appellants to present appeals in a piecemeal and repeated fashion, and would lead to the untenable result that "a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost." Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981).

Engel Indus., 166 F.3d at 1382. In light of the foregoing analysis, we conclude that the district court did not err in dismissing Mr. Pellegrini's March 2005 request to supplement as "futile."

Additionally, we conclude that the district court did not abuse its discretion in refusing Mr. Pellegrini's May 2007 request to amend as "late." Mr. Pellegrini's May 2007 request to amend was filed over two and a half years after this court affirmed the district court's grant of partial summary judgment of non-infringement under § 271(f), and over two years after the district court denied his first request to bring a new § 271(f) claim alleging that Analog supplied software for the accused foreign-made chips. Mr. Pellegrini attempts to justify his failure to make the request to amend sooner by arguing that it was filed "immediately after (three days) when the law came into effect in [Microsoft v. AT&T Corp., 127 S. Ct. 1746 (2007)] that 'computer-readable software' may be a 'proper subject of relief' under section 271(f)." We are not persuaded by Mr. Pellegrini's argument that the timing of the Microsoft decision excuses his delay in making his May 2007 request to amend to add a new software-related § 271(f) claim, particularly where this request was made over two years after the district court rejected his attempt to add a similar software-related § 271(f) claim. Because we affirm the district court's denial of the May 2007 request to amend as "late," we need not address its finding that this request was also "futile."

CONCLUSION

For the aforementioned reasons, we conclude that the district court did not abuse its discretion by granting Analog's motion for sanctions, denying Mr. Pellegrini's request for sanctions, and denying Mr. Pellegrini's requests to amend the complaint. Accordingly, we affirm.