NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**METSO MINERALS INC.,**
*Plaintiff-Appellant,*

**v.**

**TEREX CORPORATION,**
*Defendant-Appellee,*

AND

**POWERSCREEN INTERNATIONAL DISTRIBUTION LIMITED, POWERSCREEN NEW YORK, INC.,** AND **EMERALD EQUIPMENT SYSTEMS, INC.,**
*Defendants.*

---

2014-1352

---

Appeal from the United States District Court for the Eastern District of New York in No. 2:06-cv-01446-ADS-ETB, Senior Judge Arthur D. Spatt.

---

Decided: December 3, 2014

---

MICHAEL C. STUART, Cozen O'Connor, of New York, New York, for plaintiff-appellant. With him on the brief was LISA A. FERRARI.

JON R. TREMBATH, Lathrop & Gage LLP, of Denver, Colorado, for defendant-appellee. With him on the brief were ALLISON S. WALLIN and ALEXANDER C. CLAYDEN.

_____

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

Metso Minerals, Inc. ("Metso") appeals a district court award of bond premium costs to defendants Powerscreen International Distribution Limited (now known as Terex GB Limited), Terex Corporation, Powerscreen New York, Inc., and Emerald Equipment Systems, Inc. (collectively, "Powerscreen"). Because the award of bond premium costs was not precluded by this court's mandate in the prior appeal, and the district court did not abuse its discretion in awarding those costs, we affirm.

BACKGROUND

The underlying facts of this case are set forth in our prior opinion. *Metso Minerals, Inc. v. Powerscreen Int'l Distribution, Ltd.*, 526 F. App'x 988 (Fed. Cir. 2013). Metso sued Powerscreen alleging infringement of claims 1, 2, 3, 7, and 9 of U.S. Patent No. 5,577,618 ("the '618 patent"), which is directed to industrial machines known as "screeners" which are used to sort rocks and other aggregate materials into similarly-sized piles. *Id.* at 990–91. On March 3, 2011, the district court entered judgment of $15.8 million based on the jury verdict. On December 8, 2011, the district court doubled the damages award to $31.6 million due to willful infringement, and also awarded pre- and post-judgment interest to Metso.

Powerscreen appealed, filing notices of appeal on January 6, 2012.  On June 25, 2012, nearly six months after the notices of appeal, the district court entered an order (the "bond order") staying execution of the judgment[1] pending appeal, and provided that "Defendants shall file an appeal bond in the amount of $50 million by July 16, 2012.  If the Plaintiff does not eventually recover this full amount, it shall be responsible for its pro rata share of the cost of the bond."  J.A. 45.  On August 3, 2012, the district court entered the bond as an order, stating that "Plaintiff has agreed that a bond in amount of $50,000,000 will adequately guarantee Plaintiff of full payment and that if the ultimate award granted is less tha[n] $50,000,000, Plaintiff will reimburse Defendants for the cost of the bond above the amount finally awarded."  J.A. 73.  Metso never appealed or challenged the district court's bond order.  Ultimately, we reversed the district court's judgment of infringement on the ground that the asserted claims of the '618 patent would have been obvious to a person of ordinary skill in the art (35 U.S.C. § 103).  *Metso*, 526 F. App'x at 998.  Importantly for the purposes of the present appeal, we also determined that "[n]o costs" would be awarded with respect to the appeal. *Id.*

On September 9, 2013, following the issuance of our mandate, Powerscreen moved for (1) release of the bond; and (2) reimbursement for $400,000, the amount of the premium paid for the bond.  On September 13, 2013,

---

[1] It is unclear from the record why there was such a long delay between the March 3, 2011, judgment and the June 25, 2012, stay.  *See* Fed. R. Civ. P. 62(a) ("Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.").

Powerscreen amended the motion, seeking an additional $100,000 to reflect an increased invoice from the surety. On November 27, 2013, the district court granted Powerscreen's motion for reimbursement in the amount of $400,000, because Metso was "liable for its pro rata share, 100%, of the cost of the appeal bond, $400,000." J.A. 18. Because the bond orders "were never appealed, and therefore, in the Court's view, were not before the Federal Circuit," the court "construe[d] the Federal Circuit ["no costs"] order as applying to costs on appeal other than bond premiums." J.A. 18. On January 29, 2014, the district court granted Powerscreen's motion to correct the judgment due to a "clerical mistake" pursuant to Federal Rule of Civil Procedure 60(a), and amended the judgment to reflect the additional amount of $100,000, for a total of $500,000.

Metso appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1). We review the district court's interpretation of our mandate de novo under Federal Circuit law. *TecSec, Inc. v. Int'l Bus. Machs. Corp.*, 731 F.3d 1336, 1341 (Fed. Cir. 2013) (citing *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950 (Fed. Cir. 1997)). Apart from the mandate issue, the district court's award of costs is not an issue unique to patent law, so we apply the law of the regional circuit, in this case the Second Circuit. A district court's determination under Rule 60 is reviewed for abuse of discretion. *See Robinson v. Sanctuary Music*, 383 F. App'x 54, 57 (2d Cir. 2010).

## DISCUSSION

Metso argues that the district court's award of bond premium costs to Powerscreen contravened this court's mandate of "[n]o costs" in the prior appeal.[2]

---

[2] Federal Rule of Appellate Procedure 39 provides that the cost of a supersedeas bond is taxable as a cost on appeal. It states, in pertinent part, that:

> (a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:
>
> . . .
>
> (3) if a judgment is reversed, costs are taxed against the appellee;
>
> . . .
>
> (e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:
>
> . . .
>
> (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal[.]

Fed. R. App. P. 39. Contrary to Metso's argument, there is no requirement that the cost of a supersedeas bond be included in the bill of costs in the court of appeals. 16AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Jurisdiction & Related Matters* § 3985.1, at 589–90 (3d ed. 2008) ("Certain of the appeal costs, such as . . . the paying of appeal-bond premiums . . . are incurred only at the district-court level and hence are taxable only in the district court. Such items should not be submitted to the clerk of the court of appeals as part of the bill of costs in that court . . . .").

"[T]he scope of the . . . mandate, and thus the scope of the matters removed from the district court's jurisdiction," is "coterminous with the scope of the issues deemed presented to the court on appeal." *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382 (Fed. Cir. 1999) (citing *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). And "[t]he scope of the issues presented to this court on appeal must be measured by the scope of the judgment appealed from." *Id.* Thus, "[o]nly the issues actually decided—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." *Id.* at 1383; *see also Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1478 (Fed. Cir. 1998) ("Even without the express disclaimer in the court's opinion, it would be incorrect to conclude that the court's mandate encompassed an issue that was not presented to the court."); *Laitram*, 115 F.3d at 951–52 (issues that were not appealed, and "neither presented to us nor discussed in our opinion, nor necessary to our disposition of the appeal," were not within the scope of the court's mandate).

Here, the bond orders at issue were not, and could not have been, "within the scope of the judgment appealed from," *Engel*, 166 F.3d at 1383, because the notices of appeal were filed almost six months before the district court's June 25, 2012, entry of the first bond order. Thus, the bond orders were not "presented to the court on appeal," *id.* at 1382, and it "would be incorrect to conclude that the court's mandate encompassed an issue that was not presented to the court," *Exxon*, 137 F.3d at 1478. Metso argues that references to the bond order in Powerscreen's briefs in the prior appeals "affirmatively added the appellate bond cost issue into the scope and compass" of the prior mandate. Appellant's Reply Br. 2–3. The existence of passing references to the bond in briefs in the

prior appeal does not establish that the bond premium payments were within the scope of our mandate.

Metso argues, based on a colloquy during a July 22, 2012, hearing on the bond, that there was an agreement that Metso would not bear the full cost of the bond in the event of a reversal. But as the district court correctly found, this contention is without merit. The parties made no agreement to vary the terms of Federal Rule of Appellate Procedure 39 or the terms of the court's order. "Metso's obligation to bear its pro rata share of the bond premium stems from [the district court's] June 25, 2012 and August 3, 2012 orders and the plain terms of the bond itself, not from any agreement or contract entered into by the parties on the record." J.A. 19. The bond order is clear on its face and provides that "[i]f [Metso] does not eventually recover this full [$50 million] amount, it shall be responsible for its pro rata share of the cost of the bond." J.A. 45. The August 3, 2012, order reiterates that "if the ultimate award granted is less tha[n] $50,000,000, Plaintiff will reimburse Defendants for the cost of the bond above the amount finally awarded." J.A. 73. Metso ultimately recovered nothing, so it was liable for its pro rata share, or 100%, of the bond premium cost.

Finally, Metso argues that the district court abused its discretion in modifying the judgment to add $100,000 pursuant to Federal Rule of Civil Procedure 60(a) because the change "was not a clerical mistake or typographical error." Appellant's Br. 31. Although the additional $100,000 bond premium cost was included in Powerscreen's September 13, 2013, supplemental declaration to its September 9, 2013, motion, the district court's November 27, 2013, order did not account for that amount. Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Here, the

district court expressly found that "the omission of the additional $100,000 payment in the November 27, 2013 decision constituted a 'clerical mistake' correctable under Fed. R. Civ. P. 60(a)." J.A. 9. The court further noted that it "ma[de] this correction to reflect its 'contemporaneous intent' at the time of the initial decision." J.A. 11 (citation omitted). The interpretation of its own orders is within the sound discretion of the district court, and we decline to accept Metso's invitation to disturb the court's explicit finding that the omission of the $100,000 in its initial order was a clerical mistake subject to correction under Rule 60(a). *See Cnty. of Suffolk v. Stone & Webster Eng'g Corp.*, 106 F.3d 1112, 1117 (2d Cir. 1997) ("It is peculiarly within the province of the district court . . . to determine the meaning of its own order, and even if we regarded the opinion or judgment as ambiguous, we would not disturb the issuing judge's interpretation absent a clear abuse of discretion." (citations and quotation omitted)). We see no merit in Metso's contention that Powerscreen failed to appropriately mitigate its damages.

## AFFIRMED

COSTS

Costs to appellee.