**CARDIAC PACEMAKERS, INC. and Guidant Sales Corporation, Plaintiffs–Appellants,**

and

**Mirowski Family Ventures, LLC and Anna Mirowski, Plaintiff–Appellant,**

v.

**ST. JUDE MEDICAL, INC. and Pacesetter, Inc., Defendants–Cross Appellants.**

**Cardiac Pacemakers, Inc. and Guidant Sales Corporation, Plaintiffs–Respondents,**

and

**Mirowski Family Ventures, LLC and Anna Mirowski, Plaintiffs,**

v.

**St. Jude Medical, Inc. and Pacesetter, Inc., Defendants–Petitioners.**

Nos. 02–1532, 02–1559, MISC. 791.

United States Court of Appeals, Federal Circuit.

July 20, 2005.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

### ORDER

PAULINE NEWMAN, Circuit Judge.

St. Jude Medical, Inc. and Pacesetter, Inc. (St. Jude) petition for permission to appeal the order certified by the United States District Court for the Southern District of Indiana as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). In the alternative, St. Jude moves to recall the mandate in 02–1532, –1559 and to amend our earlier judg-

ment in that case to indicate that, on remand, the case need not be assigned to a different judge. Cardiac Pacemakers, Inc. et al. oppose. St. Jude replies.

This case was filed more than eight years ago. Numerous claims in four patents were litigated. On appeal, this court affirmed in part, reversed in part, and remanded for a new trial on literal infringement of one claim of one patent and for any damages determination. *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 381 F.3d 1371 (Fed.Cir.2004). After our mandate issued, the district court judge initially ruled that the Seventh Circuit Rule 36, which requires that a case remanded for a new trial be assigned to a different judge,* did not apply to a remand from this court. On reconsideration, the district court judge determined that the case must be reassigned because we would apply the law of the regional circuit to such an issue and because our opinion and judgment did not indicate that the same judge retry the case. However, the district court certified its order as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1).

Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation,* 903 F.2d 822 (Fed.Cir. 1990); 28 U.S.C. § 1292(b). In this case, we determine that granting the petition for

the limited purpose of deciding the best course of action for the district court in this specific case is warranted and will conserve judicial resources.

In view of the familiarity of the district court with this eight-year old, multi-patent case and no allegation of bias by any party, we conclude that the case should not be assigned to another judge. We note that the parties did not alert this court to the Seventh Circuit rule and the panel did not consider the assignment issue in its decision.

Regarding the motion to recall the mandate and amend the earlier opinion and judgment, St. Jude has not shown that such a procedure is necessary.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for permission to appeal is granted for the limited purpose of deciding whether the case should be assigned to a different judge. In this case, it should be not be reassigned. Thus, the order requiring reassignment is reversed.

(2) The motion to recall the mandate and amend the earlier opinion and judgment is denied.

---

* Seventh Circuit Rule 36 provides:

> Whenever a case tried in a district court is remanded by this court for a new trial, it shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case. In appeals which are not subject to this rule by its terms, this court may nevertheless direct in its opinion or order that this rule shall apply on remand.