REYNA, Circuit Judge,
concurring.
This case is the culmination of three post-award bid protests of a solicitation’s eligibility requirements, all of which should have been dismissed as untimely by the Court of Federal Claims. There is no need for this Court to make determinations of patency, latency, and ambiguity.
Per Aarsleff, Greenland, and Copenhagen knew there were unresolved questions about the solicitation’s eligibility requirements well before they submitted their proposals. Offerors questioned the Air Force about eligibility of competitors owned by non-Danish entities during the Question and Answer session, specifically raising the issue of whether a foreign-owned company could be eligible for award. The Air Force’s response did not answer this question, it merely restated the same language that question sought to have clarified.
Despite notice of uncertainty as to whether competitors owned by a Non-Danish entity would be eligible for award, none of the prospective bidders filed a bid protest before submitting their proposals. Instead, they waited until they learned that they lost the competition to an American-owned company to protest the eligibility criteria.
This Court’s decision in Blue & Gold mandates dismissal of protests like these. Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308, 1313 (Fed. Cir. 2007). When *1317 a prospective offeror knows about problems in a solicitation before proposals are due, any protest of those solicitation provisions must be dismissed as untimely, unless it is filed before the close of the bidding process. Bannum, Inc. v. United States, 779 F.3d 1376, 1380 (Fed. Cir. 2015). Dismissal is mandatory, not discretionary. Contract Services, Inc., v. United States, 104 Fed.Cl. 261, 272 (2012); Unisys Corp. v. United States, 89 Fed.Cl. 126, 139 (2009).
This rule furthers the Tucker Act’s statutory mandate to give due regard to the need for expeditious resolution of legal actions. 28 U.S.C. § 1491(b)(3); Blue & Gold, 492 F.3d at 1313. Without such a timeliness bar, a contractor with knowledge of a solicitation defect could choose to stay silent when submitting its proposal only to protest an award to its competitors, perhaps allowing the disappointed offeror to restart the competition with increased knowledge of its competitors’ proposals. See Blue & Gold, 492 F.3d at 1314.
The disappointed bidders in this case knew there were unresolved questions about the solicitation’s eligibility requirement prior to submitting their proposals, but they failed to protest that issue until after award. As such, their protests of the eligibility requirement were untimely and should have been dismissed by the Court of Federal Claims.
We need not determine whether the solicitation was in fact ambiguous or defective. Nor is there need to determine whether any defect or ambiguity was patent or latent, because the offerors in this case knew about the unresolved questions regarding eligibility of competitors owned by non-Danish entities prior to submitting their proposals.[1] Given the purpose of the timeliness bar to solicitation protests, a protester with actual knowledge of a defective solicitation provision cannot sidestep the Blue & Gold timeliness bar by asserting that the defect is latent.
By analyzing ambiguity, latency, and pa-tency, the majority unnecessarily creates precedential analysis that is likely to cause unpredictable second and third order effects in future bid protest timeliness determinations and contract interpretations. While I concur with the Majority’s decision to reverse, I do so for a different reason.

. See Blue & Gold, 492 F.3d at 1314 (foregoing determination of whether the protested solicitation defect was patent or latent when it was established that the protester knew of the defect prior to submitting its proposal); Ban-num, 779 F.3d at 1380-81 (foregoing determination of patency and latency where protester had informally voiced its dissatisfaction with the protested solicitation terms prior to submitting its proposal).