NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK MCCORMICK,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-2314

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-00539-MHS, Judge Matthew H. Solomson.

---

Decided:  March 8, 2024

---

MARK MCCORMICK, Phoenix, AZ, pro se.

MATNEY ELIZABETH ROLFE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before TARANTO, HUGHES, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Mark McCormick, proceeding pro se, filed a complaint against the United States in the Court of Federal Claims. Complaint, *McCormick v. United States*, No. 23-cv-00539 (Fed. Cl. Apr. 13, 2023), ECF No. 1 [hereinafter *"Claims Court Docket"*]. After staying proceedings to give it time to determine whether it had subject-matter jurisdiction over the case, the Claims Court concluded that it lacked jurisdiction and dismissed Mr. McCormick's complaint and entered final judgment. *McCormick v. United States*, No. 23-539C, 2023 WL 4311650, at \*3 (Fed. Cl. July 3, 2023) (*Claims Court Decision*); Judgment, *Claims Court Docket* (July 10, 2023), ECF No. 10. Mr. McCormick appeals. Because we determine that the Claims Court did not have subject-matter jurisdiction over Mr. McCormick's complaint, we affirm the Claims Court's decision.

I

In his complaint, Mr. McCormick alleged a number of injuries suffered by him and his now-deceased brother Moses and pointed to several unsuccessful cases he (alone or with his brother) previously brought, citing *McCormick v. Browne*, No. 17-cv-00595, 2017 WL 8790950 (S.D. Ohio Dec. 27, 2017), *aff'd*, No. 18-3004, 2018 WL 11327092 (6th Cir. Sept. 18, 2018); Order, *McCormick v. Dreamy Draw Justice Court*, No. 22-cv-01446 (D. Ariz. Nov. 10, 2022), ECF No. 18; Order, *McCormick v. Multi State Lottery Association*, No. 23-cv-00525 (D. Ariz. Mar. 31, 2023), ECF No. 5; Notices of Voluntary Dismissal, *McCormick v. Franklin County Court of Common Pleas Domestic Division*, No. 19-cv-03329 (S.D. Ohio Nov. 9, 2020 and Nov. 20, 2020), ECF Nos. 219, 225. In the present case, Mr. McCormick alleged that the United States is liable for actions of individuals (some of whom were federal officials) causing his lack of success in such cases, characterizing the actions as tortious, actionable under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241–42, and violative of the First and Fourteenth

Amendments to the United States Constitution. Complaint at 1, 3–5, 9, *Claims Court Docket* (Apr. 13, 2023), ECF No. 1. Mr. McCormick also alleged more generally that the United States is liable for intentional and negligent acts committed by Ohio state officials and federal officials that caused him to suffer damage to his business, person, and property and ultimately resulted in the attempted killing of him and the death of his brother. *Id.* at 5–9. Mr. McCormick sought compensatory damages of $75 billion and punitive damages. *Id.* at 1-1.

The Claims Court dismissed Mr. McCormick's claims for lack of subject-matter jurisdiction. It explained that, to the extent that the complaint suggested the assertion of claims against individual federal officials or individual state officials, the Claims Court lacked jurisdiction over such claims; and it also explained that it lacked jurisdiction over the claims Mr. McCormick asserted against the United States—tort claims, state-law claims, statutory claims, and particular constitutional claims. *Claims Court Decision*, at *2–3. Mr. McCormick timely filed his appeal on August 17, 2023, as permitted by 28 U.S.C. § 2107(b)(1). We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review whether the Claims Court possesses subject-matter jurisdiction de novo. *Taylor v. United States*, 959 F.3d 1081, 1086 (Fed. Cir. 2020); *Biltmore Forest Broadcasting FM, Inc. v. United States*, 555 F.3d 1375, 1380 (Fed. Cir. 2009).

The jurisdiction of the Claims Court is "defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Importantly, although the Tucker Act waives the sovereign immunity of the federal government, it does not itself provide any substantive rights or any right of action to obtain monetary relief for wrongs. Accordingly, to invoke Claims Court jurisdiction pursuant to the Tucker Act, "a plaintiff must identify a right to money damages found in the Constitution, a statute or government regulation, or a contract." *Folden v. United States*, 379 F.3d 1344, 1354–55 (Fed. Cir. 2004); *see United States v. Mitchell*, 463 U.S. 206, 216–17 (1983). In other words, for claims like those asserted here, a plaintiff, besides identifying "the source of substantive law he relies upon," must show that the identified source of law "can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damages sustained." *Mitchell*, 463 U.S. at 216–17 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)) (internal quotation marks omitted). This requirement extends to pro se, as well as lawyer-represented, plaintiffs. *See Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001).

Mr. McCormick's complaint, if read generously, asserts against the United States only tort claims, claims based on state law, federal statutory claims under 42 U.S.C. § 1983 and 18 U.S.C. §§ 241–42, and constitutional claims under

the First and Fourteenth Amendments.[1]  But Mr. McCormick has not identified any claim within the Tucker Act.

Tort claims "are clearly outside the limited jurisdiction" of the Claims Court, and claims "founded on state law are also outside the scope of the limited jurisdiction" of the Claims Court.  *Souders v. South Carolina Public Service Authority*, 497 F.3d 1303, 1307 (Fed. Cir. 2007); *see* 28 U.S.C. § 1491(a)(1) (reciting only federal-law sources of rights and excluding cases "sounding in tort"); *see also Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the [Claims Court's] jurisdiction claims sounding in tort.").

The Tucker Act also does not cover Mr. McCormick's federal statutory claims.  We have repeatedly affirmed Claims Court rulings that the Tucker Act does not extend to claims under 42 U.S.C. § 1983, even aside from the fact that § 1983 is limited to persons acting under *state* or *territorial* law, *see Settles v. U.S. Parole Commission*, 429 F.3d 1098, 1105–06 (D.C. Cir. 2005); *see also Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015).  *See Blassingame v. United States*, 33 Fed. Cl. 504, 505, *aff'd*, 73 F.3d 379 (Fed. Cir. 1995), *cert. denied*, 517 U.S. 1237 (1996); *Anderson v. United States*, 22 Cl. Ct. 178, 179 n.2 (1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991).  A sufficient reason is that

---

[1] Mr. McCormick, in this court, does not urge that he may press claims against state officials or federal officials under the Tucker Act—which extends only to "claim[s] *against the United States*."  28 U.S.C. § 1491(a)(1) (emphasis added); *see United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [Claims Court].").

Congress gave *district courts* (not the Claims Court) jurisdiction over § 1983 claims, *see* 28 U.S.C. § 1343, and jurisdiction under the "Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies," *United States v. Bormes*, 568 U.S. 6, 12 (2012). The Claims Court also lacks jurisdiction over Mr. McCormick's claims under 18 U.S.C. §§ 241–42. Title 18 of the United States Code is the criminal code, *see* 18 U.S.C. § 1 *et seq.*, and the Claims Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

Finally, the Claims Court lacks jurisdiction over Mr. McCormick's constitutional claims. Neither the First Amendment nor the Fourteenth Amendment mandate compensation by the federal government (the latter also applying to the States, not the federal government). *United States v. Connolly*, 716 F.2d 882, 887–88 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money" and "the Claims Court lacks jurisdiction over [the plaintiff's] [F]irst [A]mendment claim."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("None of [the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment] is a sufficient basis for jurisdiction because they do not mandate payment of money by the government.").[2]

---

[2] In this court, in his Reply, Mr. McCormick asserts that he claims a breach of contract, treating federal officials' oath of office as constituting a contract between the officials and the United States, under which he may claim rights as a third-party beneficiary. In support of this seemingly novel claim, he provides no authority and no reasoning to show satisfaction of the requirements for the existence of a contract or for third-party-beneficiary status

### III

For the foregoing reasons, the judgment of the Court of Federal Claims is affirmed.

The parties shall bear their own costs.

**AFFIRMED**

---

allowing him to sue the United States.  This claim was not presented adequately previously and therefore is forfeited. *See, e.g.*, *California Ridge Wind Energy LLC v. United States*, 959 F.3d 1345, 1351 (Fed. Cir. 2020); *Bannum, Inc. v. United States*, 779 F.3d 1376, 1382 (Fed. Cir. 2015).