NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**WASHINGTON WINDSOR,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2025-1988

———————————

Appeal from the United States Court of Appeals for
Veterans Claims in No. 25-664, Judge Joseph L. Falvey, Jr.

———————————

Decided:  April 7, 2026

———————————

WASHINGTON YKJ WINDSOR, Saginaw, TX, pro se.

BLAKE WILLIAM COWMAN, Commercial Litigation
Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M.
MCCARTHY, BRETT SHUMATE; JONATHAN KRISCH, Y. KEN
LEE, Office of General Counsel, United States Department
of Veterans Affairs, Washington, DC.

———————————

Before DYK, CHEN, and STARK, *Circuit Judges*.

PER CURIAM.

Washington Windsor appeals pro se a decision of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing-in-part and denying-in-part a mandamus petition. We *affirm*.

## BACKGROUND

Mr. Windsor served in the Army from March 2015 to July 2015. By statute, veterans who are discharged or released on conditions other than dishonorable are entitled to compensation "[f]or disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty" so long as the injury is not the result of the veteran's own willful misconduct or abuse of alcohol or drugs. 38 U.S.C. §§ 1110 (wartime), 1131 (peacetime). In December 2015, Mr. Windsor filed a claim for service-connected benefits related to loss of teeth. On January 13, 2016, the Department of Veterans Affairs ("VA") notified Mr. Windsor that it had denied his claim for service-connected benefits. Mr. Windsor filed another application related to this claim in August 2022. The VA advised Mr. Windsor that because this claim was previously denied, he needed to complete a different form for review of previously denied benefits.

Separate from service-connected benefits, under 38 U.S.C. § 1151, veterans are entitled to compensation for negligent medical treatment caused by a VA employee or in VA facilities "in the same manner as if such additional disability . . . [was] service-connected." 38 U.S.C. § 1151(a). On August 17, 2023, Mr. Windsor submitted an application for benefits related to a 2023 dental surgery at a VA facility that removed his upper teeth without providing implants. Apparently concluding that the 2023

application related to his previously denied service-connected benefits claim, the VA informed Mr. Windsor that it had decided this claim on January 13, 2016, and so he was required to file any additional information related to this claim on VA Form 20-0995 (Decision Review Request: Supplemental Claim) for the VA to process it.

On January 30, 2025—more than a year after his last correspondence with the VA on his section 1151 claim— Mr. Windsor petitioned the Veterans Court for a writ of mandamus. He requested that the Veterans Court compel the VA (1) to immediately schedule a compensation and pension examination for his service-connected dental injuries; and (2) to mandate the VA's expeditious adjudication of Mr. Windsor's section 1151 claim for negligent treatment by the VA Medical Center. This appeal concerns only the section 1151 claim.

After its review of Mr. Windsor's mandamus petition and records, the VA agreed that the 2023 application was a section 1151 claim rather than a claim for service-connected benefits. On April 16, 2025, the VA established a section 1151 claim and submitted his claim for review. On reply in the Veterans Court, Mr. Windsor altered his request for relief in light of the VA's action and asked the Veterans Court (1) to compel the VA to immediately complete all the remaining steps of the section 1151 claim, including to schedule and conduct a compensation and pension examination; and (2) to direct the VA to substantively adjudicate his section 1151 claim within 30 days.

On May 8, 2025, in a single-judge order, the Veterans Court dismissed-in-part and denied-in-part Mr. Windsor's mandamus petition. With respect to the section 1151 claim (the only claim raised in his appeal), it determined that the "VA made a mistake in not establishing a section 1151 claim in August 2023 and it took a petition for VA to realize

and fix this mistake." S.A. 5.[1]  However, it determined that the VA's establishment of the section 1151 claim after Mr. Windsor filed his mandamus petition mooted any controversy over the establishment of the claim and dismissed the petition in this respect.

As to Mr. Windsor's request to compel the VA to schedule a compensation and pension examination for the section 1151 claim and expedite its adjudication, the VA denied the petition because "[n]ow that VA has established this claim, there is an adequate alternative means for Mr. Windsor to obtain the rest of his requested relief; that is, for VA to schedule an exam for his section 1151 claim if one is needed." S.A. 5.  The Veterans Court also concluded that, under the factors outlined in *Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*"), there was not unreasonable delay sufficient to warrant mandamus in this case, specifically as "Mr. Windsor has not shown how the Court, through a writ, could expedite the proceedings" because the "VA must still, in the first instance, determine whether an exam is warranted under its duty to assist." S.A. 5.  The Veterans Court therefore denied the petition with respect to Mr. Windsor's request to order expeditious adjudication.

Mr. Windsor then filed a motion for a panel decision and included with the motion a May 14, 2025, screenshot of his claim status page, which he argued showed that the VA had closed the section 1151 claim on May 2, 2025.  On June 6, 2025, the Veterans Court granted the motion for panel review and ordered "that the single-judge order remains the decision of the Court." The same day, Mr. Windsor filed a motion for full court review, which was denied on July 10, 2025.    After that motion was denied,

---

[1]    Citations to "S.A." refer to the supplemental appendix filed by the government in No. 25-1988, Dkt. No. 25.

Mr. Windsor concurrently filed a motion styled as a motion to "recall the mandate and to vacate the Court's final judgment" in the Veterans Court and a notice of appeal in this court. S.A. 131. The Veterans Court denied Mr. Windsor's motion to recall the mandate and vacate the judgment on July 14, 2025.[2]

## DISCUSSION

"[O]ur jurisdiction is limited in appeals from the Court of Appeals for Veterans Claims . . . ." *Szemraj v. Principi*, 357 F.3d 1370, 1374 (Fed. Cir. 2004). "'This court has jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a nonfrivolous legal question . . . .'" *Wright v. Collins*, 157 F.4th 1379, 1381 (Fed. Cir. 2025) (quoting *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013)). When a mandamus petition raises a nonfrivolous legal question, we "determine whether the petitioner has satisfied the legal standard for issuing the writ," but do not "review the factual merits of the veteran's claims." *Beasley*, 709 F.3d at 1158. We review both a denial of a writ of mandamus and a denial of a motion to recall the Veterans Court's mandate and set aside a judgment for abuse of discretion. *Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011); *Maggitt v. West*, 202 F.3d 1370, 1379 (Fed. Cir. 2000).

---

[2]    Mr. Windsor's premature notice of appeal ripened after the Veterans Court ruled on the motion to recall the mandate and vacate the judgment (thus rendering a final judgment), as "an adequate but premature notice of appeal 'relates forward to the entry of the document that renders an appeal possible.'" *Parrish v. United States*, 605 U.S. 376, 383 (2025) (quoting 16A WRIGHT & MILLER'S FED. PRAC. & PROC. § 3950.5 (5th ed. 2019)).

Mr. Windsor challenges the Veterans Court's decisions related to his mandamus petition with respect to his section 1151 claim in several respects.

First, Mr. Windsor argues that the Veterans Court legally erred in its analysis of the TRAC factors by considering events that occurred after Mr. Windsor filed his petition.[3] But courts must consider events that occur after

---

[3]    The *TRAC* factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude" in order to hold that agency action is unreasonably delayed.

*Mote v. Wilkie*, 976 F.3d 1337, 1343 (Fed. Cir. 2020) (quoting *TRAC*, 750 F.2d at 80).

the petition has been filed, for example, in determining mootness or other situations where postpetition events may bear on the petitioner's right to relief.  *See, e.g., Ebanks v. Shulkin*, 877 F.3d 1037, 1040 (Fed. Cir. 2017) (instructing Veterans Court to dismiss mandamus petition as moot when veteran received his requested relief of a Board hearing while case was pending on appeal in this court); *Martin v. O'Rourke*, 891 F.3d 1338, 1349 (Fed. Cir. 2018) (dismissing appeals of mandamus petitions as moot when Board acted on veterans' claims after their respective mandamus petitions were denied).  We therefore see no legal error in the Veterans Court's consideration of events that occurred after Mr. Windsor filed his mandamus petition.

Second, Mr. Windsor argues that the panel decision is flawed because it disregarded the new evidence included in his motion for a panel decision—a May 14, 2025, screenshot of the VA website allegedly showing that the VA had closed Mr. Windsor's section 1151 claim.  The VA apparently disputes that the claim is closed and represents that it remains open.  Even if the claim has been closed, as the Veterans Court determined, "there is an adequate alternative means for Mr. Windsor to obtain the rest of his requested relief."  S.A. 5.  That is, Mr. Windsor may request higher-level review, file a supplemental claim, or file a notice of disagreement.  This demonstrates that Mr. Windsor did not satisfy the legal standard for issuance of the writ, which requires that "'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.'"  *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).[4]

---

[4]    On reply, Mr. Windsor argues that the panel decision is void because it was "entered without judicial authority."  Informal Reply 7.  That is so, he argues, because once

Third, Mr. Windsor contends that the Veterans Court erred in denying his motion to recall the mandate and set aside the judgment because the Veterans Court "possessed both the jurisdiction and the duty to correct its own judgment once it learned that the foundation of that judgment was false," Appellant's Informal Br. 20, *i.e.*, that his claim had been closed. For the same reasons that the Veterans Court properly denied relief initially, it did not err in denying the motion to recall the mandate and to vacate the judgment.

Finally, to the extent that Mr. Windsor argues in his mandamus petition that the Veterans Court should have required the VA to expedite his claim, we also see no error. To be sure, the Veterans Court did not lack the authority to expedite Mr. Windsor's claim. We read the Veterans Court's decision as also holding that there has been no undue delay in the processing of Mr. Windsor's claim to warrant expeditious adjudication of his claim, and we see no error in that conclusion. Like the Veterans Court, we

---

the Veterans Court granted panel review, it was obligated to issue a new panel decision. This argument was forfeited. "'An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal' may properly be deemed waived." *Bannum, Inc. v. United States*, 779 F.3d 1376, 1382 (Fed. Cir. 2015) (quoting *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)). In any event, a three-judge panel has the authority and discretion under Veterans Court Rules of Practice and Procedure Rule 35 to adopt the single-judge order as the order of the court, which appears to be an established practice. *See, e.g.*, *Johnson v. Collins*, 2026 WL 237163, at *2 (Fed. Cir. Jan. 29, 2026); *Morris v. Collins*, 2026 WL 237208, at *2 (Fed. Cir. Jan. 29, 2026).

presume the VA will "promptly and properly adjudicate the section 1151 claim." S.A. 5.

We have considered Mr. Windsor's remaining arguments and find them unpersuasive.

## AFFIRMED

### COSTS

No costs.